UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**TERRY G. BOWEN,**
                  **Plaintiff**

**v.**                                            **Civil Action No.**
                                                      **3:06CV-300J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                  **Defendant**

**MEMORANDUM OPINION**

This case presents plaintiff Terry Bowen's challenge to the decision of the Commissioner denying his claim to Disability Insurance Benefits and Supplemental Security Income payments. After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

Mr. Bowen filed his applications in March of 2004, alleging that he had been unable to engage in any substantial gainful employment since October 28, 2002. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Bowen was unable to engage in any of his past relevant work. She further found, however, that he retained residual functional capacity sufficient to perform a significant range of sedentary jobs.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Jones v. Secretary</u>, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm

1

in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994),  Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

Mr. Bowen argues that the ALJ picked and chose among the pieces of evidence, omitting those favorable to his claim and focusing on those unfavorable to his claim.  A closer examination of the argument, however, indicates that claimant is suggesting there is inevitably error in any analysis that fails to mention explicitly every item in the record.  There is, of course, no such legal principle.

For example, Mr. Bowen contends that the ALJ's evaluation of Dr. Collis' diagnosis was flawed by a miscomprehension of its basis.  This argument stems from the ALJ's observation that "[a]lthough Dr. Collis had no films to look at , he diagnosed lumbar degenerative disc disease, with disc bulging and radicular pain, based upon the claimant's allegations."  Tr. 21.  Dr. Collis' "History of Present Illness" records Mr. Bowen's report that an MRI had shown "a disc bulging in the lumbar spine with some nerve root impingement and some stenosis and facet arthrosis."  Dr. Collis stated, "I don't have a copy of this report to review."  Tr. 128.  The Court concludes that the ALJ's observation was accurate, but further notes that the matter is of little moment: Both what the MRI actually showed as well as Dr. Collis' subsequent reports regarding his treatment of Mr. Bowen are of far more significance than Dr. Collis' "history of present illness" on initial evaluation.

What *is* of primary importance is whether the record as a whole fails to include substantial evidence to support the ALJ's credibility determination and to support the ALJ's

conclusion that Mr. Bowen could engage in sedentary work. After a careful page by page analysis of the record, the Court concludes that sufficient evidence exists to support these determinations.

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. <u>Villareal v. Secretary</u>, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." <u>Gaffney v. Bowen</u>, 825 F.2d 98, 101 (6th Cir. 1987). An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." <u>Moon v. Sullivan</u>, 923 F.2d 1175, 1183 (6th Cir. 1990). Stated another way, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." <u>Walters v. Commissioner</u>, 127 F.3d 525, 532 (6th Cir. 1997).

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. <u>Walters v. Commissioner</u>, 127 F.3d 525 (6th Cir. 1997). Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so. <u>Auer v. Secretary</u>, 830 F.2d 594, 595 (6th Cir. 1987). In determining whether pain is of the severity alleged by a claimant, the ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929©)(3); Jones, <u>supra</u>, at 1370; <u>Blacha v. Secretary</u>, 927 F.2d 228, 231 (6th Cir. 1990).

In this case, the ALJ rejected Mr. Bowen's testimony that he was unable to perform even sedentary work. She noted that his "activities of daily living have not been significantly limited." Tr. 22. Mr. Bowen testified that he is the only adult in a home with three children, ages twelve, six and seven, that he is able to drive, that he does the grocery shopping, that he helps them get their clothes ready for the next school day. Tr. 295. He testified that he is unable to follow the plot on a television show, but he also testified that he helps the three children with their homework. Tr. 295, 298.   The ALJ also pointed to physical examination findings of undiminished strength, and normal electromyelographic and nerve conduction studies. Tr. 240, 244.

The ALJ clearly believed that Mr. Bowen experiences discomfort that would limit him to sedentary work. While there is evidence from which it would be possible to conclude that sedentary work would be beyond Mr. Bowen's capabilities, when the record as a whole is considered, it is clear that there is also substantial evidence to support the conclusion that Mr. Bowen retains the capacity for sedentary work.

A judgment in conformity has this day entered.